**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 98-60237
Summary Calendar
_____

AUDREY AND KARL KERN,

Plaintiffs-Appellants,

versus

WAL-MART STORES, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
(1:96-CV-592-GR)

February 25, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Audrey and Karl Kern ("the Kerns") filed a complaint in the district court against Wal-Mart Stores, Inc. ("Wal-Mart"), alleging a cause of action based on negligence. The Kerns appeal from a judgment in favor of Wal-Mart, arguing that the trial court (1) erred in denying their motion for judgment as a matter of law; (2) erred in giving erroneous jury instructions; and (2) erred in denying their motion for a new trial. We affirm.

While the Kerns shopped at the vacuum bag display at Wal-Mart, employee Eileen Pavolini requested employee Ernest Wade to retrieve a twenty to thirty pound vacuum cleaner from the top

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

shelf. Wade carried an eight-foot ladder to the row, set it up adjacent to the Kerns, and climbed it to retrieve the cleaner. Pavolini held the ladder. When Wade turned to hand the vacuum to Pavolini, the cleaner slipped from his hands and struck Audrey's left shoulder, arm and leg, and she fell to the ground.

The Kerns filed suit, claiming an assortment of injuries, including carpal tunnel syndrome, depression, and loss of consortium. Pursuant to the consent of the parties, a Magistrate Judge held a jury trial. At the close of all of the evidence, the Kerns moved for judgment as a matter of law, and the Magistrate Judge denied the motion. The jury returned a verdict for Wal-Mart, and the Magistrate Judge signed a judgment in favor of Wal-Mart. The Kerns renewed their motion for judgment as a matter of law, or alternatively, for a new trial. The Magistrate Judge denied the motion, and the Kerns timely appealed.[1]

The Kerns argue the trial court erred in denying their motion for judgment as a matter of law. We review a motion for judgment as a matter of law *de novo*, and apply the same legal standard as the trial court. *See Omnitech Int'l, Inc. v. Clorox Co.,* 11 F.3d 1316, 1322-23 (5th Cir. 1994). We consider "all of the evidence--not just that evidence which supports the non-mover's case--but in the light and with all reasonable inferences most favorable to the party opposed to the motion." *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969) (en banc). Granting the motion is proper if we believe that the facts and inferences point so strongly in favor of one side that reasonable men could not arrive at a contrary verdict. *See id.* The Kerns argue that there is no factual basis in the record to support the jury's verdict for Wal-Mart.

Under Mississippi law, a store owner owes a duty to an invitee to exercise reasonable or ordinary care to keep the premises in a reasonably safe condition or to warn of dangerous conditions that are not readily apparent. *See Fulton v. Robinson Indus., Inc.,* 664 So.2d 170, 175 (Miss. 1995).

_____

[1] The Kerns appeal to this court, and not to the district court, from a judgment entered by a Magistrate Judge with the consent of the parties. "This Court applies the same standard of review to the findings and conclusions of the magistrate that we would apply to a decision of the district court." *Taylor v. Domestic Remodeling, Inc.,* 97 F.3d 96, 98 (5th Cir. 1996).

A business operator is not an insurer against all injuries. *See Lindsey v. Sears Roebuck & Co.,* 16 F.3d 616, 618 (5ᵗʰ Cir. 1994) (summarizing Mississippi law). Conduct is reasonable if it is fair, proper, just, or suitable under the circumstances, and there is no liability for conduct from which no unreasonable risk was to be anticipated. *See Evans v. United States,* 824 F. Supp. 93, 97 (S.D. Miss. 1993) (same). "The law still revolves around what the owner can 'anticipate' or 'expect,' or what is 'usual.'" *Fulton,* 664 So.2d at 175.

We consider whether evidence exists to support the jury's verdict for Wal-Mart. Wal-Mart had written safety procedures regarding the removal of merchandise from upper shelves. Wade followed the procedure that required an employee to utilize a ladder to retrieve merchandise, as opposed to standing on a lower shelf or reaching up from the aisle. He spent four to six minutes setting up the ladder and climbed to the fourth or fifth step. He also followed the safety procedure that required him to obtain the assistance of another employee to hold the ladder and accept the merchandise when it was handed down. Wade testified that he had retrieved merchandise in this manner hundreds of times without an accident. There is no dispute that Wal-Mart's safety procedures for retrieving merchandise are reasonable. The rectangular vacuum package was laying lengthwise on the shelf, and it was stacked in a stable manner such that it would not have fallen from the shelf. Audrey admitted she heard a noise behind her and noticed Wade pull up the ladder. Audrey recognized that Wade would climb the ladder to retrieve merchandise, yet did not move. The Kerns did not pay attention to the activity and did not believe they were in danger. Audrey testified she did not consider the actions of the employee unreasonable. This evidence supports the conclusion that Wal-Mart, through its employees, exercised reasonable care to protect its patrons under the circumstances. Thus, evidence exists to support the jury's verdict that Wal-Mart did not act negligently.

The Kerns argue the trial court erred by giving erroneous jury instructions. The trial court has broad discretion in formulating the jury charge, and so we review the instructions with deference. *See Deines v. Texas Dep't of Protective & Regulatory Servs.,* No. 97-50481, 1999 WL 928, at *2

(5th Cir. Jan 19, 1999). A challenge to jury instructions "must demonstrate that the charge as a whole creates substantial and ineradicable doubt whether the jury has been properly guided in its deliberations." *Id.* (citation omitted). The Kerns contend that insufficient evidence existed to warrant a comparative negligence instruction. Under Mississippi law, invitees are required to exercise prudence under the circumstances. *See Fulton,* 664 So.2d at 175. The Kerns admitted they observed Wade's use of the ladder and did not make any effort to avoid the "dangerous condition." We find that the jury properly considered the conduct of the Kerns in assessing whether any fault was attributable to them. The Kerns argue also that the court erred by refusing to give the requested *res ipsa loquitur* instruction. This doctrine is inapplicable in this case. *See Lindsey,* 16 F.3d at 618 (citing *Sears, Roebuck & Co. v. Tisdale,* 185 So.2d 916, 917 (Miss. 1966), for the proposition that "the doctrine of *res ipsa loquitur* is inapplicable in premises liability cases"). Thus, we conclude that the jury instructions given by the trial court properly guided the jury in its deliberations.

The Kerns also appeal the trial court's denial of their motion for a new trial. The Kerns argue the court erred because the jury verdict is unsupported by the evidence. We will reverse a denial of a motion for a new trial only when there is a clear showing of an abuse of discretion. *See Dawsey v. Olin Corp.,* 782 F.2d 1254, 1261 (5th Cir. 1986). In order to establish an abuse of discretion, the Kerns must show "an absolute absence of evidence to support the jury's verdict." *Id.* at 1262 (citation omitted). There is evidence to support the jury's verdict, and so we conclude the court did not abuse its discretion in denying the motion for a new trial.

For the foregoing reasons, we AFFIRM the ruling of the trial court.